*S. C. Chamberlin, B. F. Love,* and *B. F. Davis,* for appellant.

*W. March* and *H. J. Dunbar,* for appellee.

---

●

---

## THE ADAMS EXPRESS CO. *v.* FENDRICK.

CARRIER.—*Negligence.—Contract.—*A carrier of goods may limit by contract his extreme common law liability of insurer against loss by casualties of river navigation and of steam, where such loss does not arise from, or is not contributed to by, any degree of negligence of the carrier, his servants or agents.

APPEAL from the Vanderburg Circuit Court.

WORDEN, C. J.—The appellee sued the appellant, alleging, in substance, in his complaint, that on, etc., he delivered to the company, at Evansville, a package of merchandise (cigars) of the value of twenty-one dollars and twenty-five cents, to be transported by the company to Columbus, in

the State of Kentucky, and to be there delivered to F. J. Coffee, the value of which and the express charges to be collected on delivery; and that he took from the company a bill of lading, which is made a part of the complaint, and stipulates, amongst other things, as follows: "It is a part of the consideration of this contract, and it is agreed, that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company entrusted, or arising from the dangers of railroad, ocean or river navigation, steam, fire in stores, depots, or in transit, leakage, breakage, or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said express company or their servants." Averment of failure to deliver, etc.

The defendant filed an answer of two paragraphs. The second was the general denial. The first, making a copy of the bill of lading a part thereof, alleges, "that the defendant received said merchandise from the plaintiff, agreeing to forward the same to F. J. Coffee, Columbus, Kentucky; that the said express company placed said merchandise on board the steamer Phantom, in charge of a messenger in the employment of said defendant, to be conveyed to the said F. J. Coffee, Columbus, Kentucky; that while said merchandise was on board said steamer Phantom, and was being transported as aforesaid, and while all was being done within a reasonable time and with ordinary care and diligence, the said steamer Phantom exploded her boiler on the 15th of September, 1869, and the said merchandise was blown overboard and lost in the waters of the Ohio river, where the same was destroyed."

A demurrer was sustained to the first paragraph of the answer, and the defendant excepted. Trial; verdict and judgment for the plaintiff for the value of the goods. On the trial, the defendant offered evidence of the matters set up in the first paragraph of the answer, but it was rejected.

The only question we need to consider is that presented by the ruling on the demurrer to the first paragraph of the answer. It will be seen that the loss is alleged to have occurred from one of the dangers of "river navigation," for which it was stipulated that the company should not be liable.

Doubtless, at common law, and independently of any contract to the contrary, the defendant, as a common carrier, would have been liable for the loss ; a common carrier being regarded as an insurer against all casualties in the transportation of goods, except those arising from the act of God or the public enemy. But the great current of authorities has established the proposition, that a common carrier may, by contract, limit the extreme liability which the law thus throws upon him. In the case of *The Michigan, etc., Railroad Co.* v. *Heaton*, 37 Ind. 448, this court held that a common carrier might, by contract, exclude himself from liability for a loss not arising from, or being contributed to by, any degree of negligence on the part of the carrier, his servants or agents.

Applying the doctrine thus established, it follows that the first paragraph of the answer was good. It shows a loss of the goods arising not only from one of the dangers of "river navigation," but from the danger of "steam." For such loss it was expressly stipulated that the company should not be liable. This portion of the contract is valid, though there are probably other stipulations that cannot be upheld.

We need not determine whether, in such case, the burthen of proving negligence on the part of the carrier devolves upon the shipper or consignee, or whether the burthen of disproving it devolves upon the carrier. The paragraph of the answer we deem good on either theory, inasmuch as it sets up the loss in such manner as, *prima facie*, at least, excludes the inference of any negligence on the part of the defendant.

We are of opinion that the court erred in sustaining the demurrer.

The judgment below is reversed, with costs.

*R. A. Hill, B. Hynes, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*A. G. Dennis,* for appellee.

