STEPHEN H. CONDICT et al., Respondents, *v.* THE GRAND TRUNK RAILWAY COMPANY, Appellant.

It is the duty of a common carrier to have adequate facilities for the transportation ofj property received by him for that purpose, and to transport it within a reasonable time; and if a loss or injury happens, to which a neglect to perform these duties, attributable to his fault, has contributed, he is liable therefor. A carrier cannot excuse his delay in forwarding goods simply because of an increased expense which is not unforeseen nor entirely unreasonable.

Defendant contracted to carry certain goods to C., a place beyond the terminus of its route. The usual mode of transportation from S. (such terminus) was by connecting lines of railroad. Defendant also ran a line of steamers from S. to C., but they were inadequate to carry its freight. A contract had existed between defendant and the connecting lines, but prior to the receipt of the goods the latter had notified defendant that they would no longer take goods from it under the agreement without an increase of compensation. The goods reached S. and were detained there for six days, because defendant refused to accede to the demands of the other lines, when they were consumed by fire in defendant's depot. The shipping contract contained a printed clause that its responsibilities should terminate when the goods arrived at a place to be reached upon its road; also that it should not be responsible for damage occasioned by fire. In an action to recover for the loss, *held*, that the latter clause did not include a case where a loss by fire occurred through defendant's negligence; that the former did not apply where defendant had expressly contracted to carry beyond its terminus; and that, defendant's negligence having concurred in and contributed to the loss, it was liable.

(Submitted June 20, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of plaintiffs, entered upon an order denying motion for a new trial and directing judgment on a verdict.

This action was brought against defendant, as a common carrier, to recover the value of certain goods destroyed by fire in defendant's depot at Sarnia.

Defendant's road runs from Fort Erie, Canada, opposite Buffalo, to Sarnia, and it was a common carrier of goods from Buffalo. The goods in question were delivered to defendant,

at Buffalo, on the 7th November, 1866. They left Buffalo on the ninth and reached Sarnia on the tenth, where they were delayed until the morning of the sixteenth November, when they were destroyed by fire in defendant's depot. The cause of the delay and the nature of the contract for transportation are set forth in the opinion.

The court directed a verdict for plaintiffs, and exceptions were ordered to be heard at first instance at General Term.

*E. C. Sprague* for the appellant. The conditions of the contract of shipping were valid in law and binding upon the parties. (*French* v. *Buff., N. Y. and E. R. Co.*, 4 Keyes, 108 ; *Peck* v. *U. S. R. Co.*, 96 E. C. L. R., 958, 986 ; *Steinweg* v. *Erie R. Co.*, 43 N. Y., 123 ; *York Co.* v. *Cent. R. R. Co.*, 3 Wall., 107.) Defendant is not liable, because the breach of the contract to carry without unreasonable delay was not the proximate but only the remote cause of the injury ; the fire being the proximate cause. (*Griffen* v. *Culver*, 16 N. Y., 495 ; *Hadley* v. *Baxendale*, 9 Exch., 341 ; *Leonard* v. *N. Y. Tel. Co.*, 41 N. Y., 566 ; *Perkins* v. *N. Y. C. R. R. Co.*, 24 id., 203 ; *Alexander* v. *Greene*, 7 Hill, 533.) The rule of damages contended for by plaintiffs should be extended only to cases where time is made the essence of the contract, and where the danger incurred might naturally result from a breach of the contract. (*Parmalee* v. *Wilkes*, 22 Barb., 539 ; *Morrison* v. *Davis*, 20 Penn. St., 171 ; *Denny* v. *N. Y. C. R. R. Co.*, 13 Gray, 481 ; *R. R. Co.* v. *Reeves*, 10 Wall., 176 ; *Crawford* v. *G. T. R. Co.*,    ; *Crawford* v. *G. W. R. Co.*, 18 C. Pls. [Canada], 510 ; *Milligan* v. *G. T. R. Co.*, 17 id., 122 ; *Williamson* v. *G. T. R. Co.*, id., 615 ; *Woodger* v. *G. W. R. Co.*, 2 Eng. L. R. [C. Pls.], 318 ; *Glover* v. *Lond. and S. W. R Co.*, 3 L. R. [Q. B.], 25 ; *B. Col. and S. Co.* v. *Nettleship*, 37 L. J. [C. Pls.], 235 ; 3 L. R. [C. Pls.], 499.) Defendant was not guilty of negligence or wrongful delay of the property. (*Wibert* v. *Erie R. Co.*, Kern., 245 ; *McDonald* v. *West. R. R. Corp.*, 34 N. Y., 497.)

*Sherman S. Rogers* for the respondents. It is unimportant whether defendant be deemed a carrier for the whole distance or over its own road only. (*Goold* v. *Chapin*, 20 N. Y., 259; *McDonald* v. *West. R. R. Co.*, 34 id., 497.) The condition in the contract exempting defendant from loss by fire, does not cover a case where the loss by fire was occasioned by defendant's negligence. (*Michael* v. *N. Y. C. R. R. Co.*, 30 N. Y., 564; *Bostwick* v. *B. and O. R. R. Co.*, 45 id., 717; *Lamb* v. *C. and A. R. R. Co.*, 46 id., 271; *Stoddard* v. *L. I. R. R. Co.*, 5 Sand., 180; *Merch. Bk.* v. *N. J. S. Nav. Co.*, 6 How., 344; *Place* v. *Union Ex. Co.*, 2 Hilt., 19; *Slocum* v. *Fairchild*, 7 Hill, 292; affirming S. C., 19 Wend., 329.)

EARL, C. It is the duty of common carriers to transport property intrusted to them for carriage within a reasonable time, and they are responsible for damage caused by delays which are attributable to their fault or negligence. (*Wibert* v. *The N. Y. & Erie R. R. Co.*, 12 N. Y., 245.) That defendant could legally contract for carriage beyond the terminus of its road, is not disputed. (*Quimby* v. *Vanderbilt*, 17 N. Y., 306; *Burtis* v. *The Buffalo & State Line Railroad Co.*, 24 id., 269; *Root* v. *The Great Western R. R. Co.*, 45 id., 524; *Lamb* v. *Camden & Amboy R. R. & T. Co.*, 46 id., 271.) In England it is held that a railroad company receiving goods marked for a particular place beyond its terminus, without expressly limiting its responsibility, undertakes *prima facie* to carry them to their destination, and is to be regarded as a carrier throughout the entire route. But in this and other States of the Union a different rule prevails. It is here held that the receipt of goods marked for a place beyond the terminus of the carrier's route does not import a contract to carry them to their final destination. Such a contract will not be inferred from the simple address of the goods. There must be other facts and circumstances sufficient to show a special contract. Here it was proved, by defendant's general superintendent, that in its business it

contracted to carry goods to Chicago. From the terminus of its road, it used the Michigan Southern and the Michigan Central railroads, and its own line of steamers. These goods were addressed to the plaintiffs at Chicago, and the written agreement under which they were received by defendant specified that they were to be sent and delivered in Chicago for the tariff specified of sixty-four cents per 100 pounds for the whole distance. These facts, it seems to me, clearly show a special contract for the transportation of the goods to Chicago.

The next question to be determined is whether the delay in forwarding the goods from Sarnia was occasioned by any fault or neglect of the defendant. The defendant was a railroad carrier, and we must infer from all the facts in the case that its ordinary and usual mode of transportation to Chicago was by railroad. It seems that it had made some arrangement as to freight and the division thereof with the other roads, and that this arrangement had become unsatisfactory to those roads, and that, about two weeks before these goods were delivered to the defendant, those roads had refused to take any more goods from the defendant without an increase of the freight. This the defendant refused to accede to, and hence no goods were taken by them from the defendant. This state of things was known to the defendant when it made the contract for the carriage of plaintiffs' goods. It knew that those roads would not take property from it for transportation at the old rates, and it also knew that it had inadequate facilities for transportation by water; and yet without giving the consignors notice of the difficulties, and knowing all the facts, it made the contract to carry to Chicago at sixty-four cents per 100 pounds. The goods reached the terminus of its road at Sarnia on the tenth day of November, and were consumed by fire in its depot on the sixteenth day of the same month. The goods were delayed from the tenth to the sixteenth because the defendant would not accede to the demand of the other roads as to the price to be charged for the carriage of freight. But there is no proof that the

demands made by those roads were unreasonable, or that they insisted upon charging more than a fair compensation. They refused to take the goods simply because the defendant refused to pay what they insisted upon as a proper charge. How can this circumstance discharge the defendant from its responsibility under its contract? Knowing the obstacles to be encountered, it had agreed to carry the goods. It was not impossible for it to do so. The burden of the increased charge fell upon it, and in the fulfillment of its contract with the plaintiffs it should have borne that burden. A carrier cannot excuse his delay in forwarding goods on account simply of an increased expense, which is not unforeseen nor entirely unreasonable. Neither has the defendant excused its delay by showing that it forwarded goods from Sarnia by water as fast as its facilities enabled it to. If, under its contract, with the plaintiffs, it had the right to transport the goods by water rather than by rail, it was bound to have adequate facilities for doing so. Its facilities for water transportation were so inadequate that no goods which had arrived at any time during ten days before the fire were transported in that way. Under such circumstances the defendant, with a knowledge of all the facts, could not make a contract for the transportation with reasonable dispatch, and refuse the facilities for railroad transportation, rely upon the inadequate facilities for water transportation, and then claim immunity for the damage occasioned by the delay.

The defendant claims, however, that it is shielded from liability for the damage claimed by the fifth condition annexed to the contract, which provides that the responsibilities of the company will be considered to terminate when the goods have arrived at the place to be reached upon its railroad. This provision clearly had reference only to cases where the defendant had contracted to carry only to the terminus of its road, and could not apply where, as in this case, it had expressly contracted to carry beyond such terminus.

I, therefore, conclude that the defendant is responsible for the delay; and the only other question to be considered is,

whether the loss by fire was in such sense a consequence of the delay as to impose any liability upon the defendant. There was a clause in the conditions annexed to the contract, that the defendant should not be responsible for damage occasioned by fire. There was a similar clause in the contract in the case of *Lamb* v. *Camden & Amboy R. R. & T. Co.* (46 N. Y., 271), and it was held that such clause did not exonerate the carrier from a loss occasioned by fire, in case the fire resulted from its own negligence. So in this case, if the loss can be attributed to the fault or negligence of the defendant, it must be held liable. But it is claimed that the delay on the part of the defendant in the transportation of the goods, which exposed them to the fire, was the remote and not the proximate cause of the loss, and hence that the defendant cannot be held liable for the loss without violating the maxim *causa proxima non remota spectatur*. But the law is otherwise settled in this State. In *Michaels* v. *New York Central Railroad Company* (30 N. Y., 564), the defendant received at Albany, from the Hudson River Railroad Company, a box of goods to be transported to Rochester and delivered to the owners. Instead of forwarding the box immediately, it detained the same in its freight-house at Albany, to await the rendering of a bill for back charges by the Hudson River Railroad Company. While so detained, the goods were injured by being wet by an unusual and extraordinary rise in the waters of the Hudson river, and it was held that the detention of the goods was negligence on the part of the defendant, and that such negligence having concurred in and contributed to the injury to the goods, the defendant was precluded from claiming the exemption from liability which the law would otherwise extend to it. The same rule was held in *Read* v. *Spaulding* (30 N. Y., 630), and reiterated by RAPALLO, J., in *Bostwick* v. *Baltimore and Ohio R. R. Co.* (45 N. Y., 712). A different rule was applied in *Morrison* v. *Davis* (20 Penn., 171) and in *Denny* v. *New York Central Railroad*

*Co.* (13 Gray, 481). But those cases were cited in the argument of the cases above referred to in the Court of Appeals, and were not followed. The rule adopted in Massachusetts and Pennsylvania was also applied in *Railroad Company* v. *Reeves* (10 Wallace, 176). Those decisions are in direct conflict with the law as settled in this State, and cannot control the decision of this case. The defendant's delay was unreasonable. It was attributable to defendant's fault, and it exposed the goods to the fire by which they were consumed. Hence, its fault contributed to the loss, and it thus became liable.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.

# CASES DECIDED

IN THE

# COMMISSION OF APPEALS

OF THE