CHIEF JUSTICE HARDIN
delivered the opinion of the court.
This was an action against the appellee as a common carrier for the recovery of damages for injuries to the plaintiff’s cattle, *689 which, the defendant had received on one of its trains at St. Mary’s, in Marion County, for transportation to Louisville, Kentucky; it being alleged, in effect, in the petition that the car in which the cattle were placed was insufficient for their safe carriage, and in consequence of its defectiveness two of them escaped from it on the route, the fall from the car while in motion disabling one of them and fatally injuring the other.
The defendant in its answer, besides controverting the material averments of the petition importing both carelessness and negligence, exhibited and relied on a contract with the plaintiff, based on a sufficient consideration, by which the plaintiff agreed, in substance, to assume “all injury, loss, or damage ” which might be occasioned in certain contingencies, including the escaping of the cattle, and possible injury to them by fright or their own viciousness, as well as any other injury which might happen to them incidental to railroad transportation, not caused by the fraud or gross negligence of the railroad company.
A trial of the case upon the issues thus found resulted in a verdict and judgment thereon for the defendant, to reverse which this ^ appeal is prosecuted.
Of the evidence it is deemed sufficient to say that it conduced to sustain the allegation that the car in which the cattle were placed was not a safe one for carrying them, and that in consequence of the insufficiency of a gate by which it was closed two of the cattle escaped, or were thrown or forced out of it, and were thereby injured, one of them fatally.
Whether, in view of this evidence and said agreement of the parties, the court correctly instructed the jury is the principal question presented for the decision of this court.
Rejecting various instructions asked for by both parties, the court of its own motion gave to the jury the follqwing two instructions, to which the plaintiff excepted:
*690 “ 1. The court instructs the jury that it was the duty of the defendant to furnish to plaintiff a suitable car for the transportation of his cattle to Louisville; and if they shall believe from the evidence that defendant furnished a car which was not suitable for that purpose, and in consequence of any defect in said car plaintiff’s cattle were injured without the concurrence of any circumstances hereinafter mentioned, then the law is for the plaintiff, and so the jury ought to find and fix his damages at such sum as would compensate him for his actual loss in consequence of such injury, upon which the jury may or may not give interest, in their discretion.
“ 2. The court further instructs the jury that under the contract read in evidence to them the plaintiff took the risk of his cattle escaping or being injured in consequence of their own restiveness or viciousness, and undertook the care of the stock while on the train. If therefore the jury shall believe from the evidence that the viciousness or restiveness of the cattle themselves, or the want of care of the plaintiff himself while said cattle were on the train, contributed to their injury, the law is for the defendant; or if they should believe from the evidence that notwithstanding the car may not have been such as was ordinarily used for the transportation of cattle, yet that the cattle would have gone safelyto Louisville but for their own viciousness or restiveness, the law is for the defendant, and so they should find.”
In the introductory part of the first instruction the court correctly defined the duty of the appellee as to furnishing a suitable car for the transportation of the stock; and in that of the second we think the court fairly interpreted the contract so far as it devolved on the appellant’s personal care of the cattle, with the duties and risks connected with it, and which, to the extent of those duties and risks of the appellant so taken on himself, the appellee was certainly exempted from the common legal responsibility of a common carrier. But, as *691 we construe the contract, it contains no stipulation exonerating the appellee from responsibility for damage resulting from a failure to provide a suitable and safe car for the carriage of the cattle, considering the nature and liability of such live freight to go or be thrown or forced from the car if not sufficiently protected by it. Moreover, we are of the opinion that if the exception in the agreement from the appellant’s undertaking, with reference to injuries which might be caused by the fraud or gross negligence of the appellee, could be construed as exempting the appellee from responsibility for all negligence or breaches of duty as a common carrier, except those arising from fraud or amounting to gross negligence, we could not, in view of the law governing the duties of carriers, especially as construed by this court in the recent case of the Louisville, Cincinnati & Lexington Railroad Company v. Hedger, admit the right of the appellee to so limit its responsibility by contract. Nor can we admit the principle, as in effect assumed in the last instruction of the court, that, although the cattle would not have gotten off the car or been injured if the car had not been an insufficient and unsuitable one for their safe transportation, yet if their own restiveness or viciousness contributed to their escaping, the appellee was not responsible for the loss.
The instructions of the court being inconsistent with the foregoing views, and, as we conceive, prejudicial to the rights of the appellant, the judgment is reversed, and the cause remanded for a new trial to be had in conformity to this opinion.