47 229<br>130 131

## STEWART v. THE MERCHANTS' DESPATCH TRANSPORTATION CO.

1. **Common Carrier:** BILL OF LADING: CONTRACT. Where a common carrier stipulates in a bill of lading issued to a shipper that it will carry his goods to their destination without transfer, in cars owned and controlled by the company, it is bound to transport the goods to the terminus designated in the bill of lading without change of cars, and if it fail to do so it cannot avail itself of any restriction upon its common law liability contained in the contract, in the event of the loss of the goods.

*Appeal from Scott District Court.*

WEDNESDAY, DECEMBER 5.

ACTION to recover against the defendant as a common carrier for the loss of goods in transportation by defendant. The goods were delivered to the defendant at Worcester, Mass., to be shipped to plaintiff at Muscatine, Iowa. The bill of lading

under which the same were shipped contained a heading in the following words: "Merchants' Despatch Transportation Company. Fast Freight Line, from Boston, Albany, and all New England points to the west, northwest and southwest, through without transfer in cars owned and controlled by the company." In the bill of lading it was provided that the defendant should not be liable for loss by fire. At Chicago, where the goods arrived Sunday morning, October 8, 1871, they were transferred to a warehouse and remained during the day, and in the evening of that day they were burned in the great Chicago fire. The company was not at the time running its cars further west than Chicago, but its freight destined to points west of Chicago it transferred to other transportation companies. Freight from Worcester, Mass., destined to Muscatine, Iowa, it was accustomed to ship by the Michigan Central Railroad, and transfer to the Chicago, Rock Island & Pacific Railroad at Chicago. Between the depot of the former road and the depot of the latter, in Chicago, the distance is about one-half of a mile, and freight is usually transported between the two depots by teams. The delay in Chicago during Sunday was made necessary by a statute of Illinois, which prohibits all work on Sunday, except work of necessity or charity. Upon this state of facts the plaintiff was allowed to recover and the defendant appeals.

*Stewart & White*, for appellant.

*Martin, Murphy & Lynch*, for appellee.

ADAMS, J.—The plaintiff contends that the defendant is liable, notwithstanding the provision in the bill of lading that the defendant should not be liable for loss by fire. He contends that the goods were to be shipped through without transfer in cars owned or controlled by the company; that in Chicago a transfer was made from the cars of the company to their warehouse with a view to shipment in other cars; that in making such transfer the company violated its contract, and that the loss occurred while the goods were in process of transfer in violation of the con-

1. COMMON carrier: bill of lading: contract.

tract, and that the company should, therefore, be held to the strict responsibility of a common carrier, notwithstanding the limitation above referred to contained in the bill of lading. The plaintiff relies upon *Robinson Bros. & Gifford v. The Merchants' Despatch Transportation Company*, 45 Iowa, 470. In that case a recovery was had for goods lost in the same fire, and under circumstances which for the most part were substantially the same. It appears now, however, that the terminus of the company's line was at Chicago. In the case cited it was assumed that the company's line extended to the place to which the goods were to be shipped, to-wit: to Cedar Rapids, Iowa. It appears in this case also, as did not appear in that case, that there is a statute in Illinois which prohibits work on Sunday.

In the two cases the bill of lading is the same so far as the question of the defendant's liability is concerned. The first question which arises is in regard to the construction of the contract. Did the defendant agree to transport the goods to their place of destination without change of cars? It was so held in the case above cited, where the bill of lading was essentially the same. But it is said that, as the company's line terminated at Chicago, the fair meaning of the contract is that the transportation without change of cars was to be made only to that point. This position we think is not well taken. The evidence shows that the company owned no railroad, but owned and controlled cars which it was accustomed to run over the roads of other companies. When, therefore, it is said that the defendant's line terminated at Chicago, it is meant that the defendant run its cars only to Chicago. The fact was, it received goods at Worcester, Mass., destined to Muscatine, Iowa, and issued a bill of lading, which, according to the ruling in the case above cited, purported to be a contract to transport the goods to Muscatine, Iowa, without change of cars. In other words, it purported to be a contract to run its cars to Muscatine, and transport the goods in them. But the defendant contends that the contract is not what it purports to be, and that defendant did not in fact agree to run its cars to Muscatine, because it had no arrangements for so doing. The

defendant's position seems to be in effect that the contract of a common carrier is not necessarily to be construed according to the words used, but may be construed contrary to the words if its facilities for, and mode of doing business demand such construction. It is urged that the plaintiff must be presumed to know what the defendant's facilities and mode of doing business were, and must be presumed to have contracted with reference thereto, notwithstanding the language used. But we do not think that such a presumption can be entertained. The defendant, although a corporation and a common carrier, has no rights in this respect different from those possessed by a natural person not a common carrier. The absurdity would appear at once if such person who had contracted to do certain work should claim that the express terms of the contract were to be made to yield to his limited facilities.

What we have said above will apply to the position taken by defendant that the Michigan Central Railroad and Chicago, Rock Island & Pacific Railroad do not connect at Chicago. Whether it was necessary or not to ship by the latter road, the defendant must be held to the contract as expressed in the bill of lading. One of the objects of shipping by a fast line, without change of cars, is to reduce the risks of loss and damage in transportation. When a common carrier, as in this case, holds out that it will so ship, as the bill of lading upon its face purports, shippers are justified in relying upon the contract so expressed. If transfers not contemplated by the contract are necessary, the common carrier, while thus making the transfer outside of his contract, cannot be permitted to rely upon his contract and set up a restriction therein contained upon his common law liability.

The fact that freight cannot be transported in Illinois upon Sunday does not change the case. The defendant does not show that the goods must have been lost if they had remained in the cars.

AFFIRMED.