We have looked into the record and find no error fundamental in its character, for which the judgment should be reversed, and it is affirmed.

## G., H. & H. RAILWAY v. S. B. ALLISON.

SUPREME COURT, GALVESTON TERM, 1883.

*Railway—Limitation of Liability.*—When a carrier undertakes to carry goods, not only over his own route, but over connecting lines, he cannot contract that his responsibility may terminate at the end of his own line. He will still be held responsible for the negligence not only of himself and his servants, but of his connecting lines.

The exemption from liability is available only where the carrier forwards the goods in the manner and by the route with reference to which the contract is made. If he deviates from his route or forwards the goods by different conveyances from those contem-

plated by the agreement, he becomes an insurer of the goods, and cannot avail himself of any exceptions made in his behalf in the contract.

Appeal from Galveston county.    Opinion by Willie, C. J.

On a former day of this term we adopted the opinion of the commissioners of appeals reversing the judgment of the court below and remanding this cause for a new trial. Since then a motion for rehearing has been filed, which we are asked to grant for the reason that the opinion rendered in it was based upon a misconstruction of the pleadings of the plaintiffs below. It was said in the opinion of commissioners that there was no sufficient allegation in the petition that appellant contracted with Allison that the melons, loaded by him, at Galveston, upon appellant's cars, should go through to Chicago in the same cars upon which they were shipped. The statement contained in the petition "that plaintiff shipped from said city of Galveston by said defendant's railway, to be delivered by said railway and its agents and connecting lines at the city of Chicago aforesaid, five cars of melons," was held as insufficient averment of such contract. Hence a charge of the court, based upon the assumption that any such agreement had been alleged was held erroneous, and for that reason the judgment was reversed. The motion for a rehearing calls to our attention other averments of the petition, which, taken in connection with that already recited, it is insisted, amount to a sufficient allegation of a contract to transport the freight through to Chicago in the same cars upon which it was loaded at Galveston. It is alleged that appellant promised and agreed to forward said cars immediately and with dispatch after they were loaded, upon the days aforesaid, to plaintiff's agents in the city of Chicago. It was also alleged that these cars were turned over to plaintiff for the purpose of shipping melons thereon from Galveston to Chicago. That plaintiff loaded them and retained the keys with which they were locked, and that the agreement violated by appellant was one in which it promised to forward said cars, loaded with the melons, to Chicago. The principle breach of contract alleged is the breaking of the locks upon the doors of the cars and unloading and taking the fruit from them and reloading it upon other cars different from those on which

it was shipped, in consequence of which it was wasted and destroyed.

The evidence was full to the point, that the appellant did agree that the identical cars upon which the melons were placed at Galveston, and which were refrigerating cars adapted to their safe conveyance, should go through with them to Chicago, the place of their destination. There was proof also tendered to show that the fruit was taken from these cars and loaded upon others less adapted to its safe transportation, which was in charge of a railroad connecting with that of appellant, and was thereby damaged. There was conflict in the testimony as to whether or not the appellee had entered into a binding written stipulation as to one of the car loads thus shipped, releasing the railroad company from all liability for damage accruing to it not on the railroad of the company. Under this state of pleadings and evidence, the court gave the following charge: "That if the jury believed from the evidence that the plaintiff signed the written paper limiting defendants liability to its own route, then for that car load of melons, they would not be liable for damages thereto accruing, beyond their own terminus, unless they agreed they should go to their destination in the same car, and by reason of a change at Cairo, the damage occurred." This charge was held erroneous in our former opinion, as we have already stated, for the reason that there was no allegation that the company agreed that the melons should go to their destination in the same car upon which they were loaded. The former opinion affirms the rulings of the court in every other respect and holds that this charge would not be objectionable if appellee's allegations were sufficient to support it. Upon a close examination of the pleading of plaintiffs below, we have concluded that whilst they are not as clear and explicit as they should be, they are sufficient and full, to charge such a contract as was stated in the instruction and proof on the trial.

An agreement to forward the cars upon which the fruit was loaded, over the line of appellant and lines connecting with it, and to deliver these cars thus loaded and forwarded, to the agent of the shipper at Chicago, would seem to be equivalent to a contract that the fruit should go through upon these cars over the entire route without change.

The mere agreement that five cars of melons were to be

thus delivered, leaves it doubtful whether it was intended to charge the contract to have been for the delivery of the cars, or of the freight which they contained. Construing the allegations most strongly against the pleader, the latter construction would have to be adopted. But the subsequent allegations to which we have alluded, made it at least reasonably certain that the contract was to forward and deliver the identical five cars upon which the freight was placed before it left Galveston.

The charge of the court having sufficient pleading as well as evidence to sustain it, the only remaining question is, "does it announce a correct principle of law?"

It has been generally held that when there is no express statute forbidding it, a carrier may contract not to be liable for damages which do not occur from the negligence of himself or his servants or agents. (Railroad Co. v. Lockurd, 17 Wall, 357; Hooper v. Wells, 27 Cal., 11; Adams Express v. Turlick, 38 Ind., 150; Rhodes v. Louisville R. R. Co., 9 Bush, 688.

When he undertakes to carry goods, not only over his own route, but over connecting lines, he cannot contract that his responsibility may terminate at the end of his own line. (Lawson on Carriers, Sec. 235.)

He will still be held responsible for the negligence not only of himself and his servants, but of their connecting lines, they being considered his agents for carrying out the particular contract. (Bank of Ky. v. Adams Ex. Co., 93 U. S., 174, 183.)

The exemption from liability is, however, available only where the carrier forwards the goods consigned to him in the manner and by the route with reference to which the contract is made. If he deviates from his route or forwards the goods by different conveyance from those contemplated by his agreement, he becomes an insurer of the goods, and cannot avail himself of any exceptions made in his behalf in the contract. (Robinson v. Merchants' Dispatch Trans. Co., 45 Iowa, 470.)

The contract to forward the melons in this case through from Galveston to Chicago on the cars in which they were loaded was an entirety. By changing the cars after they left appellants road, the risk of their safe transportation was assumed by its agents, the connecting line where the change

occurred for the company, and it became liable notwithstanding the stipulation against damage beyond its own terminus. A case in point is that of Stewart v. Merchants' Dispatch Co., 47 Iowa, 229. These goods were delivered to a Transportation Company at Worcester, Mass., to be taken to Muscatine, Iowa, through without transfer of cars, owned and controlled by the company, and the contract contained a clause of exemption against liability for loss by fire. When the goods reached Chicago, they were transferred to a warehouse and consumed by fire the same day. It was held that the company were liable for the loss, notwithstanding the exemption.

The contract in this case so far as the limitation of liability is concerned, was in effect, that the defendant's company were not to be liable for any damage or loss occurring beyond their own route, *provided*, the freight should not be changed from the cars in which 't was shipped. This limitation of liability was made only as to one of the cars upon which the fruit was loaded, and the charge of the court had reference to that one alone.

All facts which it was the province of the jury to hear, were submitted to their judgment by the charge. They were to find as to whether or not the agreement to limit the liability was made, also the agreement to take freight through without change of cars, and finally as to whether or not the change occurred and the damage resulted from it.

All of these facts found for plaintiff, the conclusion of law properly followed that defendant's company was liable. It was not requisite to charge as to any imperative necessity or reasonable cause for the company's deviation from its contract, as no proof on that subject was introduced. We conclude, therefore, that the charge was correct under the pleadings, the proof and the law applicable to the case, and the rehearing applied for is granted. No other ground for reversing the judgment below having been stated in the opinion heretofore delivered, except the supposed error of this charge, we adopt the report of the commissioners upon all points discussed in it, except such as are dissented from in this opinion, and the judgment below is accordingly affirmed.