G., C. & S. F. R'Y Co. v. I. GOLDING.

(No. 3567.)

APPEAL from McLennan County. Opinion by WILL-SON, J.

WM. M. FLOURNOY, counsel for appellant.

SAMUELS & PENRY, counsel for appellee.

§ 33. *Carriers; liability of connecting lines of; case stated.* Appellee shipped an iron safe from the city of New York to Waco, by the Mallory steamship line, receiving from that company a through bill of lading therefor. In being transported to its destination, said safe was carried over appellant's line of railway from Galveston to McGregor, and from the latter place to Waco over the line of the Texas & St. Louis Railway Company. It arrived at Waco damaged to such an extent that it was wholly worthless, and appellee refused to receive it. He brought this suit against appellant to recover damages for the loss of the safe, and recovered judgment for its value, etc. It was satisfactorily proved on the trial that appellant's line of railway, the Texas & St. Louis Railway and the Mallory steamship line, were connecting lines, and the agents of each other in the transportation of freight. *Held:* It is well settled law in this state that connecting lines of carriers, where freight is shipped over such lines upon a through bill of lading, are each responsible for the loss of, or injury to, such freight, and that the person entitled to damages for such loss or injury, may, at his election, sue either one or all of such lines, and his right to recover of the line sued does not depend upon whether or not such loss or injury occurred while such freight was in charge of the line sued. Such line is liable, although the loss or injury may in fact have occurred on one of the other connecting lines. [W. & W. Con. Rep. §§ 941, 1252, 1253; 2 W. Con. Rep. § 431.]

§ **34.** *Carrier cannot limit liability on through bill of lading to his own line.* In this case the contract of shipment contains the following stipulation, viz.: "It being expressly understood that none of said steamships or connecting lines shall be responsible for the above named packages, except while having possession of the same; the responsibility of such steamer or line commencing with the receipt by the same of the above mentioned packages, and ceasing with the delivery thereof to the connecting steamer, railroad or line, with delivery at place of ultimate destination." Appellant contends that this stipulation is valid, and extends to each of the connecting lines, and that in the absence of proof that the injury to the safe occurred while it was in possession of appellant, it is not liable therefor, and that as there is no such proof in this case, the judgment is erroneous. *Held:* It is said by Mr. Lawson, in his work on Carriers, § 235, that "When a carrier has contracted for the carrying of goods over another line beyond his route, a stipulation that his responsibility is to terminate at the end of his own line will be of no effect." This text has been quoted approvingly by our supreme court in Railway Co. v. Allison, 59 Tex. 193, and in that case it is further said that the carrier will be held responsible for the negligence not only of himself and his servants, but of the connecting lines, they being considered his agents for carrying out the particular contract. This doctrine is well supported by authority. [Bank of Ky. v. Adams Ex. Co. 93 U. S. 174; R. R. Co. v. Ponteirs, 19 Ohio St. 221; Condict v. R. R. Co. 54 N. Y. 500.] We hold that the stipulation in question is not a valid one, and does not limit the liability of the Mallory steamship line, or of its connecting lines. A contrary view seems to have been held in R. R. Co. v. Park [W. & W. Con. Rep. § 332 *et seq.*], but it does not appear that this precise question was, in that case, called to the attention of the court.

§ 35. *Burden of proof is on carrier, when.* But even if it were conceded that said stipulation is a valid one, the burden of proof rested upon appellant to show that the injury to the safe did not occur while the same was in its charge. In all cases of loss or injury to goods intrusted to a common carrier, the burden of proof is on the carrier to exempt himself from liability. The delivery of the safe to the steamship line was, in law, a delivery to appellant also. In law, the safe was in possession of each of the connecting lines. Proof of its loss or injury, while it was *en route*, established *prima facie* appellant's liability, and to avoid such liability the burden rested upon appellant to prove such facts as would constitute a valid defense. [Ex. Co. v. Hess, 53 Ala. 25; Steele & Burgess v. Townsend, 37 Ala. 254; Edwards on Bailments, 565–570; Story on Bailments, § 529.] Appellant did not rebut, or attempt to rebut, with evidence the *prima facie* case made against it. It made no effort to prove that the safe was injured while in the possession of some other line.

§ 36. *Claim of damage; stipulation for does not apply, when.* Another stipulation in the contract of shipment is as follows:

" And it is further expressly stipulated that in case any claim shall arise from any damages or injury to the articles mentioned in this bill of lading while *in transitu* and before delivery, the extent of such damage or injury shall be adjusted in the presence of an officer of the railroad before the same are removed from the station."

" And the amount of such claim when so ascertained shall be preferred at the office of the chief of transportation of the road which shall have delivered the goods, within ten days after such delivery; and in case such claim, whatever it may be, shall not be preferred within the time and place hereinbefore designated, such loss or damage shall be deemed to be waived."

Appellant insists that, as appellee failed to make his claim for damages in accordance with the above stipula-

tion, he cannot recover in this suit. *Held:* This stipulation does not apply in this case. It has reference to a case where the goods are *delivered* to the owner or consignee. Here there was no delivery of the goods. The owner of the safe refused to receive it, and was justified in so doing, because it was so injured as to be entirely worthless.

October 31, 1885.                            Affirmed.