that slight deprivation, become entitled not to an opportunity to do the same teaching as that of which he had been deprived, in another school, but would become and be at once entitled to "be preferred in appointments to be made in any of the schools of the city." The reward seems far too great as compensation for the comparatively trivial deprivation. Applying this rule further to the appellant's case, it would have led to a singular result had the board of education discontinued the evening schools altogether. By the terms of section 1069 of the Charter, supra (Laws 1901, p. 456, c. 466), the board is empowered, but not compelled, to maintain these schools, and, had it discontinued them, it would follow, under the appellant's contention, that he would have been entitled to a second or additional principalship in the day schools to replace the one lost by the discontinuance. This surely is something not contemplated by the statute, and it aids to support that construction of the law which limits its operation to those teachers who, by either consolidation or discontinuance of schools, may have been deprived of employment in the sense that they are thereby rendered idle and unemployed, and who, if in good standing, are justly and equitably entitled to the privilege of being restored to usefulness by a preference in the matter of appointments to be made in any of the schools.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

(89 App. Div. 148.)

TEWES v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Trial Term, Queens County. December, 1903.)

1. CARRIERS—LOSS OF BAGGAGE—NEGLIGENCE.
Where plaintiff delivered his trunk at the docks of an outgoing steamer in time to be shipped, and the carrier failed to put it on board, and it was destroyed by fire on the docks two days later, in an action to recover the value the carrier could not defend on the condition in the passage ticket limiting liability to $50 unless value was declared, as its negligence in failing to ship the trunk was a proximate cause of the loss.

Action by Theodore Tewes against the North German Lloyd Steamship Company to recover for loss of baggage. Verdict for plaintiff. Motion to set aside verdict denied.

Lyman W. Redington, for plaintiff.
Joseph Larocque, Jr., for defendant.

GAYNOR, J. The jury found on sufficient evidence that the trunk was delivered to the defendant to go to Europe on its steamer on which the plaintiff had engaged passage, but that it was not put aboard by the defendant, and was destroyed two days after the steamer sailed in a conflagration of the defendant's docks. The trunk was delivered in the usual way at the place where baggage was received on the defendant's docks for its many steamships. The motion to direct a verdict for the defendant is denied.

The passage ticket, which was purchased and received before the trunk was delivered, contains a provision limiting the liability for the loss of baggage to $50, unless the value in excess should be declared and freight paid thereon.   This is binding on the plaintiff (Steers v. Liverpool, N. Y. & P. S. Co., 57 N. Y. 1, 15 Am. Rep. 453; Zimmer v. N. Y. C. & H. R. R. Co., 137 N. Y. 460, 33 N. E. 642), but by the defendant's neglect (or breach of contract, if you prefer) to put the trunk aboard, it lost the benefit thereof, and made itself subject to the full liability of a common carrier.   The loss is traced back of the immediate cause, viz., the fire, to the first cause, viz., the defendant's neglect or breach of contract in leaving the trunk on the dock instead of sending it off on the steamer, and attributed thereto; and there is no clause in the contract making the limited liability cover the case of negligence.   Michaels v. N. Y. C. R. Co., 30 N. Y. 564, 86 Am. Dec. 415;  Read v. Spaulding, 30 N. Y. 630, 86 Am. Dec. 426; Maghee v. Camden & A. R. Co., 45 N. Y. 514, 6 Am Rep. 124; Condict v. Grand Trunk R. Co., 54 N. Y. 500;  Rawson v. Holland, 59 N. Y. 611, 17 Am. Rep. 394; London & L. F. Ins. Co. v. Rome, W. & O. R. Co., 144 N. Y. 200, 39 N. E. 79, 43 Am. St. Rep. 752.

There is a clause in the contract making a total exemption from liability for loss by fire.   It is inapplicable for the reason stated above; but it is enough that no such defence is pleaded; nor was it presented on the trial, if that could be of any moment.

The motion to set aside the verdict is denied.