### V. KEMENDO ET AL. v. FRUIT DISPATCH COMPANY.

Decided June 22, 1910.

**1.—Order of Pleading—Misjoinder.**

After defendant has answered by general demurrer and plea to the merits, it is too late to file special exceptions to the petition on the ground of misjoinder of parties and causes of action.

**2.—Joinder of Actions.**

Recovery of damages for breach of contract and for tort may be sought in the same action, where both grow out of the same transaction.

**3.—Joinder of Parties.**

To avoid multiplicity of actions, connecting lines of railway may be joined in a suit between the consignor and consignee for the price of goods damaged by their negligence in transportation, where it is doubtful to which party they are liable.

**4.—Evidence—Expert and Opinion.**

A witness properly qualified by experience as a shipper by rail between certain points may testify as to the usual time for transportation, on the issue of negligent delay of the goods by the carrier.

**5.—Same.**

So a witness experienced in shipment of perishable fruit may testify as to the effect of leaving open the vents in a fruit car in warm weather, and in freezing weather, in answer to hypothetical questions embracing substantially. though not precisely, the facts involved in the case on trial.

**6.—Charge—Carrier—Perishable Fruit—Loss by Inherent Defect.**

A charge excusing a carrier from liability for damage to fruit in transportation if due to inherent defect is held properly refused: (1) because the evidence did not present such issue; (2) because the charge given covered the issue so far as involved; (3) because the charge requested ignored the issue as to negligence in transportation.

**7.—Carrier—Messenger Accompanying Shipment—Pleading.**

The carrier is not excused from proper care of perishable fruit by a contract between consignor and consignee that a messenger of the former shall accompany and care for the shipment, and by default of such messenger in its care; and pleading such agreement in the action between consignor and consignee does not raise the issue as to such agreement between the consignor and carrier relieving the latter from duty to care for the shipment.

**8.—Carrier—Connecting Lines—Through Shipment—Limiting Liability—Federal Statute.**

A contract by a railway for interstate transportation of goods, consigned over connecting lines and for a through rate to destination, was a through contract under the terms of the Act of Congress of June 29, 1906; and the initial carrier, though the bill of lading limited its liability to its own line, was liable for damages by the negligence of connecting lines.

**9.—Briefs.**

An assignment of error not submitted as a proposition nor followed by appropriate proposition and statement will not be considered.

**10.—Carriers—Delay—Diversion—Strikes—Charge—Pleading.**

A charge excusing diversion of a shipment to another line by reason of the existence of a strike on the road over which it was routed by the shipper, was properly refused where the pleading sought to excuse delay only, not diversion, by its allegations of necessity arising from the strike.

**11.—Carrier—Deviation—Connecting Lines.**

The initial carrier of an interstate shipment is liable under the Act of Congress of June 29, 1906, where a connecting line diverts the shipment to another road than that over which it is routed, and the property is delivered in a damaged condition, irrespective of negligence in its transportation. He is responsible for the acts of the connecting line, and becomes an insurer against damage by the deviation.

**12.—Carrier—Negligence—Perishable Property—Charge.**

Evidence of delay of shipment and failure to attend to ventilation of fruit car held sufficient to justify refusal of peremptory charge relieving the delivering carrier from liability for damage to a consignment of fruit.

**13.—Same—Degree of Care.**

Refusal of a requested instruction limiting the liability of the delivering carrier for negligence in transporting perishable property to damage resulting from a lack of ordinary care, held ground for reversal.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Baker, Botts, Parker & Garwood,* and *O. L. Stribling,* for appellants Houston & T. C. R. Co. and Morgan's L. & T. R. R. & S. S. Co.— The cause of action asserted by Fruit Dispatch Co., plaintiff, against Kemendo, defendant, is ex contractu, and entirely different from the cause of action alleged by Kemendo in his cross-action against these appellants, which is an action sounding in tort, and grows out of en-

tirely different contract and transaction, and there is a misjoinder of parties and causes of action.    Frey v. Ft. W. & R. G. Ry., 86 Texas, 465; Stewart v. Gordon, 65 Texas, 344; Oakcliff College v. Armstrong, 50 S. W., 612; Coutlett v. Mortgage Co., 60 S. W., 820; Watson v. T. & P. Ry. Co., 27 S. W., 924; Duerter Mfg. Co. v. Dullnig, 83 S. W., 889; Texas & Mex. Ry. v. Lewis, 99 S. W., 577.

The question propounded to the witness called for, and his answer thereto was, his conclusion upon a mixed question of law and fact. H. & T. C. R. R. Co. v. Roberts, 108 S. W., 808; G. H. & S. A. Ry. v. Noreke, 110 S. W., 82; Black's Law Dic., "Reasonable," p. 998.

Evidence of the length of time required for other cars of bananas shipped by Kemendo from New Orleans to Waco was irrelevant, and could not be material to any issue in this case.    G. C. & S. F. v. Ogg, 28 S. W., 347; Railway Co. v. Johnson, 48 S. W., 568; Ross v. Moskowitz, 95 S. W., 86; Adams v. G. C. & S. F., 105 S. W., 526; G. C. & S. F. v. Caldwell, 102 S. W., 461; M. K. & T. v. Dunbar, 108 S. W., 500; Haynie v. Plano Mfg. Co., 82 S. W., 532.

That other shipments of bananas for Kemendo had been transported from New Orleans to Waco without injury when the vents and plugs were open in hot weather, and closed in cold weather, was irrelevant and immaterial to any issue in this case.    Same authorities.    Also Prather v. McClelland, 76 Texas, 574.

(6th assignment of error.)    The court erred in refusing the special instruction No. 3, requested by these defendants.    G. C. & S. F. v. Roberts, 85 S. W., 480; I. & G. N. Ry. v. Young, 72 S. W., 68; H. & T. C. R. R. v. Aughin, 99 S. W., 898.

Where the shipper undertakes to accompany perishable goods for the purpose of caring for them in transit, to prevent deterioration from the incidents of transportation, and such goods are delivered to the consignee by the terminal carrier in a damaged condition, there is no presumption against the last carrier, but the burden of proof is upon the shipper to not only show that he himself was free from negligence, but that the damage was caused by a breach of duty on the part of the carrier, and this rule applies alike in favor of the initial carrier where, under the law or contract of carriage, it may be held liable for damage done either on its own line or a connecting line. Railway Co. v. Arnold, 40 S. W., 829; Railway Co. v. Scoggins, 90 S. W., 521; T. & N. O. Ry. v. Gray, 99 S. W., 1126; Railway v. Harned, 66 S. W., 25; Hutchins on Carriers, sec. 1357; Elliott on Ev., vol. 3, sec. 1920.

The undisputed evidence shows that Morgan's line, as initial carrier, only contracted to carry the two cars of bananas to the terminus of its own line, and that both cars were accompanied by agents of the shipper to care for the shipments by keeping the ventilation of the cars properly regulated, and there being no evidence in the record that any injury occurred on this appellant's line, it was therefore the duty of the court to have instructed a verdict for this appellant.    Amendment 1906, 34 U. S. Stat. at Large, 584; Simmons Hardware Co. v. Railway Co., 120 S. W., 663; Railroad v. McCahn, 174 U. S., 580.

The shipper having elected to sue the terminal and intermediate car-

riers in the same action with the initial carrier, for the entire amount of damages suffered, and having failed to establish by the evidence that any part of the damages suffered occurred on appellant's line, the Act of Congress of 1906, above cited, would not apply, and the shipper would have no rights thereunder. Sec. 20, Act 1906, U. S. Stat. at Large 34, p. 584; M. K. & T. Ry. v. Phillips, 91 S. W., 242; T. & P. Ry. v. Bingham, 47 S. W., 814; G. C. & S. Ry. v. Cushney, 67 S. W., 78; Cane Hill Orchard Co. v. Ry. Co., 95 S. W., 751; Railway Co. v. Lynch, 75 S. W., 486; I. & G. N. v. Tisdale, 74 Texas, 16.

If, after leaving the carrier's employment, the clerks and other employes engaged in handling freight did, by violent methods, prevent the carriers in proceeding with said shipments, according to the stipulations of the bill of lading, and caused the diversion of said cars, the appellant would not be liable therefor. Railroad Co. v. Tisdale, 74 Texas, 8; Railway Co. v. Johnson, 15 S. W., 121; G. C. & S. F. v. Levi, 76 Texas, 337; Sterling v. St. L. I. M. & S. Ry., 86 S. W., 655; 6 Cyc., p. 446; Hutchinson Carriers, sec. 657.

The appellant was not an insurer in the transportation of said bananas, either at law or under the terms of the bill of lading, but was only required to use ordinary care in the transportation and delivery thereof. St. Louis S. W. Ry. Co. v. Thompson, 103 S. W., 684.

The appellant, H. & T. C. Railroad Company, under the law, was only required to use ordinary care to transport and deliver within a reasonable time the shipments of bananas after the same had been delivered to it at Houston, and the action of the court in refusing to so charge the jury was error. S. W. Ry. Co. v. Thompson, 103 S. W., 684; Railway Co. v. Gillette, 99 S. W., 712; M. K. & T. Ry. v. Kyser, 95 S. W., 747.

*Jno. W. Davis.* for V. Kemendo, appellee.—The defendant carriers, impleaded in this cause by defendant, Kemendo, first filed original answers embodying only general demurrer and general denial, this action of such carrier defendants was a waiver of any special exception to which they might be entitled of misjoinder of parties or causes of action. Revised Statutes, arts. 1262 and 1268. Nonjoinder or misjoinder of parties should be pleaded "in limine." Stresau v. Fidelli, 1 W. & W., sec. 847; Hill v. Newman, 67 Texas, 265. When defendant has answered by general demurrer and to the merits it is too late to file special exceptions. McCreary v. Gaines, 55 Texas, 486; Moore v. Torrey, 1 Texas, 42; Ryan v. Jackson, 11 Texas, 399.

The controversy in this case between all the parties grew out of the same transaction, namely, the sale and shipment by plaintiff to Kemendo of two cars of bananas from New Orleans to Waco and conduct of both plaintiff and the carriers, who were brought into suit by defendant, Kemendo, with reference to said shipment. Gulf, W. T. & P. Ry. Co. v. Browne, 66 S. W., 341; Morris v. Davies, 31 S. W., 850; City of Fort Worth v. Allen, 31 S. W., 235; Clegg v. Varnell, 18 Texas, 294; Howard v. Parks, 21 S. W., 269. If the party or parties brought into a suit are responsible to defendant and plaintiff raises no objection to it, the parties so brought in by defendant can not complain. Skippwith v. Hurt, 94 Texas, 322. The right to sue for the

breach of contract and a tort when both grow out of the same trans-action and can be properly litigated together is recognized by our courts. Hooks v. Fitzenrieter, 76 Texas, 277; N. Y. L. S., v. Rohr-bough, 2 W. & W., 216.

The experience of parties engaged in such shipments as to the time usually required for such transportation is proper evidence from which the jury can reach its conclusion as to what is reasonable time. Missouri, K. & T. Ry. Co. v. Scoggin & Dupree, 123 S. W., 229.

It is submitted that under this state of facts the initial carrier is liable as an insurer and must respond to Kemendo for all damages suffered by him. Galveston v. Allison, 59 Texas, 198; T. & P. R. R. Co. v. Eastin & Knox, 100 Texas, 561; 5th Amr. & Eng. Enc., 422-4 and notes; 6th Cyc., 383. Deviation from instructions of shipper works forfeiture of special contract under which initial carrier had limited its liability. Moore on Carriers, p. 470. Special instructions by shipper to forward by specified route must be followed, and if disregarded, will render carrier liable for any loss or delay as for a conversion. Moore on Carriers, p. 470; Mich. Ry. Co. v. Day, 71 Am. Dec., 278.

An initial carrier which receives goods for shipment with special instructions as to route over which consignment is to go is bound to transmit to the connecting carrier such special instructions as to be liable as for a diversion of the consignment from the proper route which is a conversion. Moore on Carriers, 470; Patten v. U. P. R. R. Co., 29 Fed., 590; Booth v. Ry., 37 S. W., 168; T. & T. Ry. Co. v. Boggs, 40 S. W., 221; M., K. & T. Ry. Co. v. Liebold, 55 S. W., 369; St. L. Ry. Co. v. Lumber Co., 109 S. W., 1143; Eckles v. M. P. Co., 87 S. W., 99.

Under the Rate Act of Congress of June 29th, 1906, the initial carrier is made liable for any loss, damage or injury to the shipper's property caused by it or by any common carrier, railroad or transportation company over whose line or lines such property may pass, and no contract or regulation shall exempt such common carrier from the liability imposed by the act. See Acts of Congress (Amendatory of the Interstate Commerce Act) of June 29th, 1906, sec. 20; M. K. & T. Ry. Co. v. Carpenter, 114 S. W., 900; G. H. & S. A. v. Piper, 115 S. W., 107; I. & G. N. v. Wilburne, 115 S. W., 111.

When a carrier contracts with a shipper to ship his goods by specified route the carrier must comply with the contract and ship the goods by such route, and if he disregards the contract the carrier will be liable for any loss or delay as for a conversion and is an insurer of the goods. Hence the court was correct in peremptory instructing against the initial carrier if the jury found that the goods were damaged. Moore on Carriers, 470; Galveston v. Allison, 59 Texas, 198; T. & P. R. R. Co. v. Eastin and Knox, 100 Texas, 561.

When M. L. & T. R. R. & S. S. Co. received Kemendo's bananas at New Orleans, it issued a bill of lading for through shipment and a through rate, and is therefore liable for any damages that occurred to said bananas. See Acts of Congress approved June 29th, 1906, commonly called "The Rate Act." M. K. & T. Ry. Co. v. Carpenter, 114 S. W., 900; G. H. & S. A. Ry. Co. v. Piper, 115 S. W., 107; I. & G. N. R. R. Co. v. Wilburn, 115 S. W., 111.

There was a breach of instruction and of contract by the initial carrier, M. L. & T. R. R. & S. S. Co., which under the law makes it liable for any loss or delay as for the conversion or for any damages that may accrue at any point on its railroad or any other railroad used for the transportation of the property from New Orleans to Waco. Moore on Carriers, 470; Galveston v. Allison, 59 Texas, 198; T. & P. R. R. Co. v. Eastin & Knox, 100 Texas, 561; 5th Amer. & Eng. Enc., page 422-4 and notes; 6th Cyc., 383; Booth v. Railway Co., 37 S. W., 168; T. & P. R. R. Co. v. Boggs, 40 S. W., 41; M. K. & T. Ry. Co. v. Liebold, 55 S. W., 369; St. L. Ry. Co. v. Lumber Co., 109 S. W., 1143; Eckles v. M. R., 87 S. W., 97.

*Clark, Yantis & Clark,* for Fruit Dispatch Co., appellee.—The plaintiff, The Fruit Dispatch Co., was not seeking to recover against appellants and was not interested in the issues raised between appellants and V. Kemendo. The Fruit Dispatch Co. alleged a breach of contract upon the part of V. Kemendo and sought to recover damages as a natural and proximate consequence of such breach. The undisputed preponderating evidence was that the Fruit Dispatch Co. had complied with the terms of its contract in every particular, shipments being made as per agreement, in proper condition, with the due notice to appellee, V. Kemendo, of all liability accruing by reason of his contract. Joske v. Irvine, 91 Texas, 574; Umschied v. Scholz, 84 Texas, 269; Eason v. Eason, 61 Texas, 226.

RICE, Associate Justice.—The Fruit Dispatch Company, a New York corporation, doing business in the city of New Orleans, instituted this suit on the 5th day of March, 1908, against V. Kemendo, for the recovery of $862.00 for two car loads of bananas sold by it to him, and which were delivered by it under the contract of sale to him f. o. b. cars at New Orleans on the 1st and 16th days of November, 1906, and were thereafter transported over the lines of railway hereinafter mentioned, and received by him at Waco.

It is conceded that the statement of the nature and result of the suit, as made in the brief of appellants is correct. We therefore copy the same so far as relates to the pleadings of Kemendo and the railway companies who were interpleaded by his cross-action.

Kemendo, by way of answer and cross-action, alleged that the car of bananas purchased on November 1st was delivered by plaintiff to Morgan's Louisiana & Texas Railroad & Steamship Company (hereinafter designated Morgan's Company for convenience) at New Orleans, for which it issued a bill of lading for said bananas, and consigned in car I. C. 55374, to V. Kemendo, Waco, Texas, via "Katy," Houston (meaning M. K. & T. Railway Co.) that on the 16th day of November plaintiff delivered to Morgan's Company at New Orleans the other car of bananas, likewise consigned to Kemendo at Waco, via "Katy," Houston, loaded in car I. C. 52129; that both shipments under the contract of purchase were to be good, sound, green bananas, it being necessary that they be green in order to insure safe shipment; and both shipments were in special cars constructed for the shipment of fruit, and under the contract of shipment, each car was to be accompanied

by an agent of the Fruit Dispatch Company to destination, for the purpose of taking care of said fruit; that Kemendo had directed plaintiff that both cars be shipped via M. K. & T. Railway Co. from Houston to Waco, as he made special arrangements with that company to take special care of said shipments over its route by keeping the vents and plugs in said cars regulated, so as to protect the fruit from climatic changes; that both cars were diverted at Houston to the H. & T. C. Railroad Company, by the direction and consent of the messengers accompanying said cars, and were delivered to Kemendo by the Central Company at Waco in a damaged condition; that had they been transported over the M. K. & T. Railway from Houston, as directed, they would have been properly cared for under the special arrangement made with that company by defendant, and would have reached him in good condition, and defendant would have long since paid therefor.

By way of cross-action Kemendo averred that the two cars of bananas were delivered to Morgan's Company at New Orleans and transported to Houston over that line and the Louisiana Western, and The Texas and New Orleans Railway Company's lines; that at Houston said cars were diverted by the above named three railway companies in violation of the contract of carriage and Kemendo's instructions to the Central Company, and by it carried to Waco and delivered to Kemendo in a damaged condition. It is further alleged that after said cars of bananas were diverted at Houston and delivered to the H. & T. C. Company, the latter was guilty of negligence in handling and caring for same between Houston and Waco, and both shipments were damaged by reason of improper handling and delay; that the bananas in car No. 55374 were damaged by becoming overheated, and those in car No. 52129 by being frozen; both cars were accompanied by messengers to Houston. It is alleged that the railroad companies carrying said shipments were partners and that the contract of shipment was joint. Kemendo prayed for judgment against all of said railroad defendants for the contract price of the bananas and freight paid by him thereon, asking to go hence as to plaintiff's cause of action, but should judgment be rendered against him in favor of plaintiff, that he have judgment over against the four railroad companies for a like amount and freight paid and for general relief.

The defendant railway companies filed separate answers, making common defenses as to a misjoinder of parties and causes of action, denial of partnership; that said shipments were not made under through bills of lading but under a contract limiting the liability of each carrier to loss or damage done or suffered on its own line, and that said shipments were made and accepted under bills of lading whereby it was expressly stipulated that a person termed "a messenger," agent of the shipper, should accompany said shipments, for the purpose of taking care of the same as to the regulation of the temperature of said cars, and for that purpose said cars were in the entire control of such messenger, and that said cars were "to be iced or not iced, as said messenger might direct;" that whatever damage had been done to said shipments was the proximate result of the negligence of said messenger, who accompanied said cars, and the violation of the contract under which said shipments were accepted; that if the shipments were diverted

at Houston from the M. K. & T..to the H. & T. C. Company, it was done by the messenger in charge of the same or by the T. & N. O. Railway Co.; that Kemendo was promptly notified of said diversion by the messenger in charge, and under the contract of shipment it was his duty to see that the ventilation of said cars was properly looked after, and to ascertain the line over which said shipments were to be brought to Waco, and his failure in this regard was negligence proximately contributing to his loss; that if there was any damage suffered, it was the result of a strike and stoppage of labor and threatened violence to the property of defendants along their lines of railway over which said shipments were made, and for which defendants are exempt under the express terms of the contract of shipment.

The T. & N. O. Railway Co. and the Louisiana & Western Ry. Co. plead to the jurisdiction of the court as to the amount involved and the statutes of limitation of two years. The defendant railroad companies also plead a general denial as to the cause of action set up by plaintiff as well as that of Kemendo.

The court overruled the general and special exceptions to the misjoinder of parties and causes of action, but directed a verdict in behalf of the plaintiff Fruit Dispatch Co. against Kemendo for $971.70, and also in favor of the T. & N. O. Railway Co. and the Louisiana Western Ry. Co., but submitted the case to the jury upon the issues made. by the pleadings as between defendants Kemendo and Morgan's Company and the H. & T. C. R. R. Co., which resulted in a verdict in behalf of Kemendo for $888 against Morgan's Company and the H. & T. C. R. R. Co. While motions for new trial were made in behalf of Kemendo, as well as the two railway companies last named, yet said companies alone have appealed, and by their first assignment insist that the court erred in overruling their special exception to Kemendo's cross-action, wherein they excepted thereto upon the ground that there was a misjoinder of parties and causes of action; and by their proposition thereunder insist that since the cause of action asserted by the Fruit Dispatch Co. against Kemendo was *ex contractu,* and that of Kemendo against them was an action for damages sounding in tort, that the same were improperly joined. Appellees, however, insist that this objection was waived on the part of appellants, because they first answered to the merits, and could not be heard to thereafter urge special exceptions complaining of the misjoinder. We are inclined to think this objection is well taken. See Rev. Stats., arts. 1262 and 1268; Stresau v. Fidelli, 1 White & W. C. C., 847, and Hill v. Newman, 67 Texas, 265. It is held that nonjoinder or misjoinder of parties should be pleaded *in limine.* When defendant has answered by general demurrer and to the merits, it is too late to file special exceptions. See McCreary v. Gaines, 55 Texas, 486, 40 Am. Rep., 818; Moore v. Torrey, 1 Texas, 442; Ryan v. Jackson, 11 Texas, 399. It is further contended by appellees that since this controversy between all the parties grew out of the same transaction, to wit: the sale and shipment by plaintiff to Kemendo of the bananas from New Orleans to Waco, as well as the conduct of both plaintiff and carriers who were brought into the suit by defendant Kemendo, that under the liberal discretion vested in our trial courts it did not err in overruling said special exceptions

to said cross-action, notwithstanding the issue raised thereby involved matters *ex contractu*, as well as *ex delicto*. We are inclined to think that this contention is well taken. See Gulf. W. T. & P. Ry. Co. v. Brown, 27 Texas Civ. App., 437, 66 S. W., 341; Morris v. Davis, 31 S. W., 850. It is held in Hooks v. Fitzenreiter, 76 Texas, 277; New York L. S. v. Rohrbough, 2 White & W. C. C., 216, that the right to sue for the breach of contract and tort, when both grow out of the same transaction, is recognized by our courts. Besides this, if the railway companies were guilty of negligence whereby the bananas were rendered worthless, they were responsible for such damages, either to the consignor or consignee. Therefore it seems that they were not improperly joined in the suit. Especially is this true where, as here, the allegations of the pleadings render it doubtful to which party their liability was due, and the general policy of our law, which is to avoid multiplicity of suits, it seems to us, would justify the course here pursued. We therefore overrule the first assignment.

During the trial the witnesses Williamson and Kemendo, over the objection of the appellants, were allowed, the first to answer as to the usual and average time required to bring cars from New Orleans to Houston; and the second to answer as to what had been his experience as to the length of time required for cars to reach Waco from New Orleans. This testimony is objected to on the ground that the experience of said witnesses was not a proper criterion by which to determine the matter in controversy, and that the question called for the conclusion of the witness, and was not material to any issue in the case, citing in support of their contention the cases of Houston & T. C. R. R. Co. v. Roberts, 101 Texas, 418, 108 S. W., 808; Galveston, H. & S. A. Ry. Co. v. Noreke, 110 S. W., 82. Each of these witnesses was shown to have had adequate experience in similar shipments from New Orleans to Waco, via Houston; and, since the cross-action against the carriers was based on delay, we conclude that the testimony offered was admissible and properly allowed. The question under consideration, we think, is materially and essentially different in many respects from that passed on in the cases above cited. See Missouri, K. & T. Ry. Co. v. Scoggin. & Dupree, 123 S. W., 229. One of the issues of negligence made by the pleadings was the failure on the part of appellants to properly ventilate the cars during transportation, whereby the bananas in the first car were "cooked" on account of the vents being closed, and in the second were "frozen" on account of their being left open, and were thereby damaged. Appellees were allowed to show by the witness Kemendo, in support of this issue, that when the vents and plugs in hot weather are kept open during transit of bananas from New Orleans to Waco, that their condition upon arrival was all right; and likewise to testify that when the vents and plugs during cold weather were kept closed in transit, that the condition of the bananas upon arrival in such circumstances was all right.

The chief objection to the introduction of this testimony upon the part of appellants was that the question propounded was hypothetical and not based upon testimony in the record, and therefore irrelevant and immaterial to any issue in the case; and especially so, in the absence of evidence on the part of Kemendo that all essential conditions

were similar to those existing at the time these two shipments were made. The witness Kemendo had had considerable experience in the purchase and shipment of bananas. We think it was proper to show by him what such experience had been under the circumstances indicated by the question since the same bore directly upon the issue involved. It was not necessary, in our judgment, to show that the evidence in the record reflected precisely the facts incorporated in the hypothetical question as put, before the expert could answer it. It is sufficient, we think, if it substantially does so. See Gulf, C. & S. F. Ry. Co. v. Compton, 75 Texas, 667; 5 Ency. Evid., 624. For which reason the assignments urging this question are overruled.

The refusal of the following special charge was made the basis of the sixth assignment of error: "The jury are instructed that a common carrier of freight for hire is not liable for injuries caused to such freight by intrinsic defects or inherent qualities of the same. Therefore, if the jury believe from the evidence that the condition of the bananas when they reached Waco in car No. 52129 and No. 55374, or either of said cars, was the result of the inherent qualities of such bananas, or any inherent defects therein, then, in that event, the jury will return a verdict for the defendant railroad companies, as to one or both of said cars as so found." Appellees contend that this charge should not have been given for the reason that the uncontradicted evidence showed that the bananas were loaded in good condition; that they were green, merchantable fruit, and that bananas when in such condition stand transportation and reach their destination in good condition, if there is no delay and they are properly handled by the carriers. There was no evidence showing or tending to show that the bananas comprising these shipments were in fact damaged or injured by reason of any intrinsic defect or inherent quality, without which we think the charge was properly refused. Besides this the court did give the following charge: "If the jury believe from the evidence that said bananas, or either car of them, were not in a proper state of maturity for shipping from New Orleans to Waco in the proper and usual manner, nor at the time they were delivered to defendant M. L. & T. R. R. & S. S. Co., and that said condition was not apparent to said defendant at the time they were received for shipment; and if the jury further believed that said bananas were damaged en route from New Orleans to Waco, and that said damage, if any, was the proximate result of their condition when delivered to the initial carrier, then the jury will find a verdict for the defendant as to one or both of said cars as you may determine from the evidence."

In addition to what we have already said, appellee urges that this charge was likewise properly refused because it omits therefrom any feature of negligence on the part of the carrier which might have brought about such result; which contention, we are inclined to believe, is well taken. The court, in its general charge, made Kemendo's recovery to depend upon the negligence of the carriers, for which reason appellants insist that the jury could not have found for Kemendo unless they also found that the damages were not caused by the inherent defects and quality of the fruit.

By the seventh assignment it is urged that the court erred in refusing

to·give the following special instruction requested by appellants: "If the jury believe from the evidence that a messenger accompanied said cars from New Orleans to Houston for the purpose of regulating the vents and plugs in said cars, and that said messenger was the agent of plaintiff or defendant Kemendo, then the burden of proof rests upon defendant Kemendo to show that if said bananas were damaged, such damage was not the result of the failure of said messenger to perform his duties in properly regulating said vents and plugs while he was in charge of said cars," because said special instruction stated the law as to the burden of proof applicable to the facts in the case and was not covered by the court's general charge. By their proposition thereunder appellants assert that where the shipper undertakes to accompany perishable goods, for the purpose of caring for them in transit to prevent deterioration from the incidents of transportation, and such goods were· delivered to the consignee by the terminal carrier in a damaged condition, there is no presumption against the last carrier, but the burden of proof rests upon the shipper to not only show that he himself was free from negligence, but that the damage was caused by breach of duty on the part of the carrier; and this rule applies alike in favor of the initial carrier where, under the law or contract of carriage, it may be held liable for damage done, either on its own line or a connecting line. With reference to this contention, it must be borne in mind that appellants plead that the cars were in charge of a messenger from New Orleans to Houston under contract with the Fruit Dispatch Company, as part of their defensive pleading; and there was no pleading or proof to the effect that there was any contract between the carriers themselves and the plaintiff that a messenger should accompany said shipment. This being true, it does not occur to us that any benefit or advantage could enure to appellant carriers by virtue of any contract that the shipper and consignee may have had with each other; for which reason, it seems to us, the charge was properly refused. Furthermore, it is insisted by appellees that if it be conceded that said messenger was the agent of plaintiff or defendant Kemendo, and that he accompanied said cars for the purpose of regulating the vents and plugs therein, still, the same having been pleaded by appellants in the nature of a plea of contributory negligence on the part of the defendants, and as the burden of establishing such defense rests upon the party asserting it, there seems to have been no error in the refusal of the court to give the special charge requested. In addition to what has been said it may be observed that there was a total absence of any testimony showing or tending to show that the messenger in charge of the car from New Orleans to Houston was guilty of any act or omission, causing or contributing to cause the damages to the bananas; for which reason also said special charge was properly refused.

We think the court's charge on the subject of the measure of damages, as complained of in the eighth assignment, is a correct presentation of the law upon this subject, and that the objections urged thereto are hypercritical. See Houston & T. C. Ry. Co. v. Jackson, 62 Texas, 209.

The court peremptorily instructed a verdict for the Fruit Dispatch Company for the amount sued for. This forms the basis of the ninth

assignment of error. It is insisted that the effect of this peremptory instruction in favor of the Fruit Dispatch Company was a charge upon the weight of the evidence and amounted to a peremptory instruction against these appellants in favor of Kemendo upon the question of the condition of the bananas at the time they went into possession of the initial carrier at New Orleans, and therefore relieved Kemendo of the burden of proving by a preponderance of the evidence that the bananas were properly loaded and in sound condition at the time they were delivered to said initial carrier. In the first place we think that Kemendo, under the pleadings, as insisted by appellees, is the only person who has the right to complain of such peremptory instruction, and he is urging no objection thereto. Apart from this, the evidence shows that the bananas were in good condition when shipped; and further shows that when bananas are in such condition, and they are transported with proper dispatch and care, they are never damaged; for which reason we overrule this assignment.

Morgan's Louisiana & Texas Railroad & Steamship Co. requested the court to give a peremptory instruction in their behalf, which was refused. This was requested upon the theory that said company only contracted to carry the two cars of bananas to the terminus of its own line, and that there was no evidence in the record that any injury occurred on its line, for which reason it is contended the refusal of said charge was error. Said company issued two separate through bills of lading, under different date, reciting that they had received of the Fruit Dispatch Company the two cars of bananas to be transported by them and by steamboats, railroad companies or forwarding lines with which it connects to Waco, Texas, with as reasonable dispatch as the general business of the company will permit, etc., with certain terms, conditions and limitations, unnecessary to set out, consigned to V. Kemendo, Waco, Texas, via "Katy," Houston. Section 4 of said contract limits appellant's liability to its own line. An Act of Congress, approved June 29th, 1906, entitled an act to amend an act, entitled an act to regulate commerce, approved Feb. 4, 1887, section 20, commonly called the "Rate Act," provides that "Any common carrier, railroad or transportation company, receiving property for transportation from a point in one State to a point in another State, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass; and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed . . ." In a succeeding paragraph of the act provision is made for the recovery by the carrier issuing the receipt or bill of lading for any damage, loss or injury from the carrier on whose line the same may have occurred, that may have been recovered from the first named carrier.

We construe the above bill of lading to be for a through shipment from New Orleans to Waco, notwithstanding it names intermediate lines over which the shipment was to pass, because it appears that these were but the means by which it undertook to carry out its con-

tract. Therefore, it being an interstate shipment, under the Act above quoted, said company had no lawful right to limit its liability alone to acts of negligence occurring on its own line, since said statute made it responsible for any such act occurring upon the intermediate lines over which the shipment passed, giving it, however, recourse against ·such intermediate companies in the event damages were recovered against it for the negligence of such intermediate carriers. Therefore said special charge was properly refused. See Missouri, K. & T. Ry. Co. v. Carpenter, 114 S. W., 900; Galveston, H. & S. A. Ry. Co. v. Piper, 115 S. W., 107; International & G. N. R. Co. v. Wilburn, 115 S. W., 111.

The twelfth assignment is not considered, for the reason that the same is not briefed in accordance with the rules of this court. The same is not submitted as a proposition, nor is it followed by a proposition or statement. An assignment not followed by a supporting statement from the record will not be considered. Kempner v. Ivory, 29 S. W., 539; St. Louis Ry. Co. v. Maloney, 33 S. W., 767; Rule 29 for Courts of Civil Appeals.

The following special charge was asked by appellants and refused: "If the jury believe from the evidence that at the time said cars or either of them were diverted at Houston by the T. & N. O. Railway Co. there existed a labor strike of the employes upon said T. & N. O. Railway Co.'s line at Houston, and that said employes so engaged in said strike, after leaving the employment of said T. & N. O. Ry. Co. did, by force or other unlawful means, cause· said cars of bananas to be diverted, then said· diversion would in law be excusable, and the defendant· M. L. & T. R. R. & S. S. Co. would not be liable for said diversion." By his counter-proposition, appellee Kemendo insists that since the pleading of said initial carrier nowhere alleges that they were forced to divert the bananas on account of the strike, but only attempted to excuse delay by reason thereof, the court properly refused said special· charge. We are inclined to think that this contention is correct, because there is no evidence in the record showing or tending to show that the particular shipment was delayed by reason of this strike. It seems from the evidence that the trains of the respective railway companies at Houston were being run each day, and freight was being accepted and carried all the while, for which reason the court was justified in refusing said special charge.

The fourteenth assignment, containing no proposition, is in violation of the rules, for which reason it will be disregarded.

The giving of the following charge is made the basis of appellants' fifteenth assignment of error: "With reference to the case as between the defendant, V. Kemendo and Morgan's Louisiana & Texas Railroad & Steamship Co., you are instructed that if you believe from the evidence that the bananas were delivered by the plaintiff to said railroad and steamship company at New Orleans in good and proper condition for safe shipment with reasonable dispatch and proper care to Waco, Texas, then you will find for said Kemendo against said Morgan's Louisiana & Texas Railroad & Steamship Co., the damage, if any, which said Kemendo sustained by reason of said bananas arriving at Waco in a damaged condition, if you find they were ·in such condition when

they so arrived." It is urged by appellants that the practical effect of this charge is to make said company an insurer of said bananas, irrespective of the negligence of defendant Kemendo or the Fruit Dispatch Company or their agents, or the inherent qualities of the fruit or of the act of God. There was no error in this ruling, because the Federal Statute of 1906, known as the "Rate law," above quoted, forbids railroad corporations, where they ship goods from one State into another, from limiting their liability to acts of negligence occurring on their own line, but holds them responsible for all such acts of negligence as may occur on connecting lines over which such shipment is forwarded. It will be observed that this charge applies only to the M. L. & T. R. R. & S. S. Co., and that the undisputed evidence shows that this was an interstate shipment, and that it was routed via the "Katy" by agreement of the parties. It further appears that this shipment was diverted by one of the connecting lines from the M. K. & T. Railway, over which it had been routed, and forwarded to final destination over the H. & T. C. Railroad. This being true; the diversion rendered the appellant liable as though for a conversion of the goods when not delivered, and for damages where the same are delivered in a damaged condition. Hence the charge as given was, we think, correct under the following authorities: Act of Congress, approved June 29th, 1906; Missouri, K. & T. Ry. Co. v. Carpenter, supra; Galveston, H. & S. A. Ry. Co. v. Piper, supra; International & G. N. R. R. Co. v. Wilburn, supra; Moore on Carriers, 470; Galveston, H. & S. A. Ry. Co. v. Allison, 59 Texas, 198; Texas & P. Ry. Co. v. Eastin & Knox, 100 Texas, 561; 5 Am. & Eng. Ency. Law, p. 422, 424 and notes; 6 Cyc., 383.

Chief Justice Gaines, in Texas & P. Ry. Co. v. Eastin & Knox, supra, says: "It is elementary law that if a carrier deviates from the route fixed by his contract, he becomes responsible for all loss which occurs either on his own or his connecting lines. By the deviation he becomes an insurer of the goods. It is also settled that when goods are delivered to a carrier for transportation to a designated point, it is his duty, as a general rule, to transport them by the safest and most direct route. If instructed as to the route, he selects a different one, he becomes responsible for any loss that may occur in transit. (United States Express Co. v. Kounze Bros., 8 Wall., 342.)"

In discussing this subject in 6 Cyc., supra, it is said: "If the carrier in transporting the goods unnecessarily deviates from the usual and ordinary route contemplated in the undertaking, he will be liable for any loss occurring during such deviation, although such loss is within the recognized exception to the carrier's liability. Indeed, it is said that in departing from the established route the carrier is guilty of misfeasance, and is liable for the value of the goods on the theory of conversion. The carrier is equally liable where, having expressly contracted for a particular route, mode or manner of transportation, he transports the goods otherwise than as stipulated, and they are lost or damaged."

In Galveston, H. & H. Ry. Co. v. Allison, supra, it is held, as shown by the syllabus, that when a carrier undertakes to carry goods, not only over his own route, but over connecting lines, he can not contract that his responsibility shall cease at the end of his own line. He will still

be held responsible, not only for the negligence of himself and his own servants, but of the connecting lines, they being considered his agents for carrying out the particular contract. And that if a common carrier deviates from his route, or forwards goods by different conveyances from those contemplated by his agreement, he becomes an insurer of the goods and can not avail himself of any exemption in his behalf in the contract.

This charge, as insisted by appellants, does not require the jury to find for Kemendo against the railway company, irrespective of his negligence or that of the Fruit Dispatch Company or their agents; and the last clause thereof expressly provides that before the jury can find against said company they must find that the damage is not caused by the negligence of the messengers.

Several additional assignments have been presented alone on behalf of the Houston & Texas Central Railroad Company. Among them is one asking a peremptory charge in its favor, which we think was properly refused, because the bananas were delivered to the initial carrier at New Orleans in good condition, as shown by the uncontradicted evidence, and were in a damaged condition when delivered by the H. & T. C. Railroad Co. to Kemendo. There was evidence tending to show some delay in these shipments while on the line of the H. & T. C.; as well as an improper handling thereof, since the vents and plugs were shown to have been closed on the arrival of the first car during hot weather, and were open on the arrival of the last car, at which time the weather was quite cold; for which reason, it seems to us, there was an issue presented, which should have been submitted to the consideration of the jury.

But we have concluded that the court erred in refusing to give said appellant's special charge No. 10, the refusal of which is complained of in its seventeenth assignment of error. This special charge reads as follows: "The jury are charged that the defendant, under the law, was only required to use ordinary care to transport said cars of bananas from Houston to Waco, after the same were received by it, within a reasonable time, and if they believed from the evidence that said defendant used ordinary care to transport said bananas within a reasonable time, they are charged that the defendant would not be liable for any damages sustained to said bananas occurring while the same were in the possession of the defendant H. & T. C. Ry. Co., and in that event the jury will find for the defendant railway company on that issue." Said appellant insists by its proposition thereunder, that it was only required to use ordinary care to transport and deliver within a reasonable time the shipment of bananas after same had been delivered to it at Houston, and the action of the court in refusing to so charge the jury was error. We agree with appellant in this contention, and hold that there was error in the refusal of the court to give said charge. It is true that the converse of this proposition had been submitted in favor of the plaintiff, but this did not justify the refusal of the court to give the requested instruction. This holding, however, only affects the rights of the H. & T. C. Railroad Company on this appeal.

Therefore, the judgment of the court below will be affirmed as to all

successful parties therein, except as to the judgment in favor of Kemendo against the Houston & Texas Central Railroad ` Company, which judgment will be in all things reversed.

*Affirmed in part and in part reversed and remanded.*

Application of Morgan Line for writ of error refused (Morgan's L. & T. R. R. & S. S. Co. .v. V. Kemendo et al).

Application of V. Kemendo for writ of error dismissed for want of jurisdiction (V. Kemendo v. Fruit Dispatch Co. et al).