## METZGER v. PACIFIC MUT. LIFE INS. CO.
### No. 9426.

Court of Civil Appeals of Texas. Galveston.
May 21, 1930.

Rehearing Denied June 19, 1930.

Atkinson & Gaugler, of Houston, for appellant.

Andrews, Streetman Logue & Mobley, of Houston, for appellee.

LANE, J.

Prior to the institution of the suit by Mrs. Metzger, hereinafter mentioned, one Marc Petiot, asserting that the Pacific Mutual Life Insurance Company, hereinafter referred to as the insurance company, was indebted to him in the sum of about $6,000 upon an insurance policy issued by said company to him, brought suit against said company for the sum mentioned.

While such suit was pending, Mrs. Metzger at some time prior to the 31st day of July, 1924, filed her petition in the Sixty-First district court of Harris county, Tex., praying for the issuance of a writ of garnishment against the insurance company requiring it to answer under oath what, if anything, it was indebted to Marc Petiot and was when such writ was served upon it, etc.

Such writ was, on the 16th day of July, 1924, issued and duly served upon the insurance company. The writ recites that a certain suit, wherein Susan R. Metzger is plaintiff, and Marc Petiot is defendant, was pending in the said Sixty-First district court of Harris county, and wherein Mrs. Metzger was claiming an indebtedness of $1,300 as a basis for the issuance of the same.

On the 1st day of August, 1924, the insurance company, garnishee, filed its answer to the writ, denying that it was indebted to Marc Petiot at any of the times inquired about, and denying that it had at such times any effects of the said Marc Petiot in its possession, etc. Garnishee denied all and singular the allegations in the petition filed in the suit brought against it by Petiot on the policy of insurance. It asserted that such policy was void because of false representations made by Petiot to obtain its issuance and delivery, and that it was in good faith contesting the right of Petiot to a recovery upon said policy.

On the 2d day of February, 1927, Susan R. Metzger, in response to the answer of the insurance company, alleged as follows:

"That at the time said writ was served on defendant Insurance Company, the defendant Petiot was in possession of a policy on which he claimed liability to him from said Insurance Company of some $6,000.00, that defendant, the Pacific Mutual Insurance Company of California, recognized its liability to the said Petiot in some amount between $4,000.00 and $6,000.00, that the said Petiot

was indebted to this plaintiff as set up in her original petition in the sum of One Thousand Three Hundred ($1,300.00) Dollars, that one Edgar Harold was the adjuster and claim agent of the said Insurance Company and in order to aid said company in its litigation, he requested and solicited this plaintiff, Susan R. Metzger, to sue out a writ of garnishment in her suit against said Petiot and serve the same on the Pacific Mutual Life Insurance Company and he promised her especially that if she would do so, she would be paid the debt due her by said Petiot first out of the money they expected to have to pay said Petiot on his suit.

"That in order to obtain said garnishment, it was necessary for her to pay a surety company to make a bond for her in double the amount of her said debt and that in order to obtain said bond from said surety company, it was necessary for her to pay a premium to said surety company amounting to the sum of $13.00 which amount she has had to pay each year since said garnishment was sued out, and in order to induce this plaintiff to make said bond and procure said writ of garnishment the agents of said Pacific Mutual Life Insurance Company represented to her that said Insurance Company was about to make a settlement with the said Petiot of his claim against it and that the amount to be paid was about the sum of $4,000.00 and the agents of said Insurance Company told her that if she would file said suit and sue out and serve said garnishment on said Insurance Company, she would be practically certain to get her money, which the said Petiot owed her, and that she should be paid out of the first money paid by them to said Petiot, and the agents of said Pacific Mutual Life Insurance Company especially requested her to be prompt in bringing said suit and in suing out said garnishment, in order that she might have the benefit of any recovery which should be made against said Insurance Company by said Petiot. .

"That she did bring the garnishment suit as requested by said defendant, and in doing so incurred expenses for premiums, and also for issuing citation by publication and other court costs at a cost of about Fifty ($50.00) Dollars which she would not have done but for the representations of said agents for said Pacific Mutual Life Insurance Company.

"That said Life Insurance Company is now estopped from setting up a denial of liability and should be held to be indebted to the said Petiot, and it should be held liable to the plaintiff in the amount for which this plaintiff brought suit and for which she issued and served her writ of garnishment, as hereinbefore set forth."

She prayed that she have judgment against Petiot for the sum he owed her and that she also have judgment against the insurance company for the amount she may recover against Petiot, for costs and general relief.

On the 29th day of June, 1928, Susan R. Metzger, joined by B. V. Metzger, styling themselves "garnishers," filed their amended petition, whereby they abandoned the averment in the response of Susan Metzger to the answer of the garnishee, above set out, to the effect that the agent of garnishee had told Mrs. Metzger that, if she would bring suit against Petiot upon her claim and garnish the insurance company, "she would be practically certain to get her money, which said Petiot owed her," and that, if she did so, would have the benefit of any recovery which might be made in favor of Petiot against the Insurance Company, and alleged that said agent of the insurance company gave Mrs. Metzger and B. V. Metzger a promise that, if they would file their suit against Petiot upon their claim against him, and garnish the insurance company, the insurance company would pay such judgment as they might recover against Petiot. They alleged that, relying upon such promise, they filed their suit against Petiot and garnished the insurance company, and in doing so incurred a large expense.

They further alleged that, as a result of their bringing their suit against Petiot and garnishing the insurance company, Petiot abandoned his suit against the insurance company, and that such suit was dismissed, and thereby the insurance company escaped any recovery by Petiot against it. They alleged that the two sums owing by Petiot to them amounted to a total sum of $5,000, for which sum they ask recovery against the insurance company upon its promise through its authorized agent, above stated.

On the 24th day of October, 1928, the insurance company filed its supplemental answer. By the first paragraph thereof it repeated its denial of indebtedness to Petiot, etc., made in its original answer, and by the third paragraph it alleges that the suit filed against it by Petiot had been dismissed. It then pleads a general demurrer to the plaintiff's writ of garnishment and controverting answer, and a general denial of all the allegations of said controverting answer. It prayed for its discharge from the writ of garnishment, for its costs, its attorney's fees, and for general relief.

On the 12th day of June, 1929, the insurance company filed its second supplemental answer showing that the judgment taken by Susan R. Metzger against Petiot upon her claim against him had become dormant.

Replying to the supplemental answers of the insurance company, the Metzgers, on the 23d day of January, 1929, filed their supplemental petition and alleged that the insurance company was indebted to Petiot in

the sum of from $4,000 to $6,000, but, if for any reason it was not so indebted, then it, by its representations, its conduct, and its contract made with them, has estopped itself from claiming that it was not so indebted. They then allege that, while the suit brought by Petiot 'against the insurance company was pending, the insurance company, by its authorized agent, approached them and requested them to bring suit on their claims against Petiot and then serve garnishment on the insurance company, assuring them that, if they would do so, they would be able to collect their money in full from Petiot, and assured them that,' if they would bring such suit, procure such garnishment, the insurance company, instead of paying the money claimed. by Petiot to him, would pay the same to them; that, relying upon such representations, they brought said suit and procured such writ of garnishment, and thereby incurred a considerable amount of costs; wherefore they say that, as the insurance company had by such representations and promises induced them to incur costs, labor, and expenses, and having received the benefits of their said acts, which resulted in the dismissal of the suit of Petiot against the insurance company, said company is estopped to deny that it was indebted to Petiot and to them, and therefore they pray for judgment against the insurance company on their writ of garnishment for the full amount due them by Petiot, and for general relief.

After the filing of the last petition of the plaintiffs, the insurance company repeated its answer of October 24, 1928, above mentioned, and made it apply to such last petition of the plaintiffs.

.The court sustained the general demurrer of the garnishee to the pleadings of the plaintiffs, and in its judgment recited that, upon the plaintiffs' declining to amend, it ordered, adjudged. and decreed that Susan R. Metzger recover nothing by her suit against the garnishee and that the garnishee be discharged from liability under said garnishment and that it recover its costs from Susan R. Metzger. Susan R. Metzger has appealed.

The complaints of appellants, reduced to their ultimate, are that the court erred in· sustaining the general demurrer to the plaintiffs' pleadings and in dismissing their suit, first, because while plaintiffs' suit was originally one 'for the issuance of a writ of garnishment, by their amended petition they declared upon a contract entered into between the insurance company and plaintiffs for a valuable consideration, by the terms of which it was agreed that, if plaintiffs would bring their suit against Petiot and sue out a writ of' garnishment against the insurance company, said company would pay the plaintiffs the amount owing by Petiot to them, and also alleged in said amended petition that they had fully complied with the obligations assumed by them under the terms of the contract, and in so doing had incurred large costs and expenses, it then being made apparent that their suit was based upon a contract entered into between the parties which was so connected with the proceedings for the writ of garnishment as to constitute the two practically one transaction, and therefore the application for the writ of garnishment and the suit upon the contract were properly joined in the same suit; and, second, that if their suit was divisible, as contended by appellee, the dismissal of the suit or suits could not be obtained upon a general demurrer.

Without committing ourselves to all the contentions as made by appellant, we sustain her general contention that the court erred in sustaining the general demurrer to her petition and dismissing her suit based upon the alleged contract.

■ While it is not made clear from anything in the record upon what theory the court sustained the general demurrer, it seems to us that he must have done so only upon the assumption that there were two separate causes of action declared upon which could not be properly joined in one suit. If such assumption was correct, the court nevertheless erred in dismissing the plaintiff's suit based upon the contract upon the general demurrer for two reasons: First, because a wrongful misjoinder of causes of action can only be reached by a plea in abatement made before the answer to the merits is made, Kemendo v. Fruit Dispatch Company, 61 Tex. Civ. App. 631, 131 S. W. 73; articles 2012 and 2013, Revised Civil Statutes; Barton v. Bank (Tex. Com. App.) 276 S. W. 177; Moore-Seaver Grain Co. v. Blum Milling Co. (Tex. Civ. App.) 264 S. W. 551, 552; and, second, because if the two actions could not be properly joined and such misjoinder could be reached by a general demurrer, appellant had the right to choose which cause of the two she would dismiss and which she would prosecute. Therefore the court erred in taking such privilege from appellant and dismissing her suit on the alleged contract upon the general demurrer, and then proceeding to render judgment in the garnishment proceedings.

In Moore-Seaver Grain Co. v. Blum Milling Co., supra, it is said: "Appellant presents a number of assignments of error. It will not be necessary to discuss each one separately. Appellant contends that its general demurrer to plaintiff's petition should have been sustained because plaintiff's pleadings show a misjoinder of parties and causes of action, in that plaintiff seeks to hold appellant for the value of the wheat on the theory that it was worthless when delivered at Kansas City, and seeks to hold the railway companies liable because they so handled the wheat while in their possession that it was

damaged to the extent that it became worthless. The appellant did not, in limine, make such defense in the trial court. The question of misjoinder of parties or causes of action * * * cannot be raised for the first time in the appellate court. Farmers' National Bank v. Merchants' National Bank (Tex. Civ. App.) 136 S. W. 1120; Kemendo v. Fruit Dispatch Co., 61 Tex. Civ. App. 631, 131 S. W. 73; Gulf, Colorado & Santa Fe Ry. Co. v. Stewart (Tex. Civ. App.) 141 S. W. 1022; article 1906, Revised Statutes."

In Barton v. Bank (Tex. Com. App.) 276 S. W. 177, it was held that the rule forbidding misjoinder of causes or parties, being one of convenience, which should not be permitted to defeat general policy of avoiding multiplicity of suits, should be pleaded in limine or at the first reasonable opportunity, and, if not seasonably made, is waived.

Now as appellee has at no time pleaded a misjoinder in the present case, the rule stated is applicable here.

If the general demurrer to so much of the plaintiff's petition as set up a cause of action upon the contract pleaded was sustained upon the conclusion that the allegations of such petition presented no cause of action against the insurance company, such conclusion was erroneous.

While appellant's petition is somewhat involved and lacks clearness, it is sufficient, we think, when every reasonable intendment is given it, to declare upon the contract above mentioned either as an express contract or one arising from estoppel, and was not subject to the general demurrer addressed to it.

Having reached the conclusions above expressed, it becomes our duty to reverse the judgment in so far as it dismissed appellant's suit based upon the contract pleaded, and to reverse the cause for trial upon the issue last mentioned, and it is so ordered.

Reversed and remanded.